IN THE UNITED STATES DISCTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS

MICHAEL HARING, as Successor Trustee of the FREDERICK W. STARK III REVOCABLE TRUST dated November 19, 2015,

    Plaintiff,

v.                                                                                          Case No.

CHERYL STARK, as Co-Personal Representative of the ESTATE OF FREDERICK W. STARK, III,

    Defendants.
_____/

## COMPLAINT FOR REFORMATION OF CONTRACT

COMES NOW Plaintiff, MICHAEL HARING, as Successor Trustee of the FREDERICK W. STARK III REVOCABLE TRUST dated November 19, 2015, by and through his undersigned counsel sues the Defendant, CHERYL STARK, as Co-Personal Representative of the ESTATE OF FREDERICK W. STARK, III, and alleges as follows:

    1.    This is an action to reform a contract.

    2.    Plaintiff is an individual who resides in Connecticut.

    3.    Defendant, CHERYL STARK, is an individual living in Charlotte County, Florida.

    4.    This Court has Jurisdiction over the subject matter of this action under

28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and Defendant, CHERYL STARK, and the amount in controversy exceeds $75,000.00.

5. Venue for this action is proper in this judicial district and division under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim alleged herein occurred in this district and a substantial part of property that is the subject of this action is situated in this district.

6. On or about March 27, 1997, Frederick W. Stark, III, Raylene S. Stark, and Defendant, JILL COAN, entered into an Operating Agreement ("Original Operating Agreement") for Stark Properties, LLC, a Connecticut limited liability company, as members of the limited liability company. A true and correct copy of the Original Operating Agreement is attached hereto as Exhibit "A."

7. Under the Original Operating Agreement, each member owned the following interests in Stark Properties, LLC:

```
Frederick W. Stark, III      60%
Raylene S. Stark             30%
Jill Coan                    10%
```

8. On February 2, 2014, Raylene S. Stark assigned her 30% membership interest to JILL COAN. A true and correct copy of the Assignment, Acceptance and Consent is attached hereto as Exhibit "B."

9. On or about June 30, 2020, Frederick W. Stark, III mistakenly conveyed a 50% interest in Stark Properties, LLC to Frederick W. Stark, III, as Trustee of the Frederick W. Stark III Revocable Trust instead of his 60% membership interest. A true and correct copy of the assignment ("Assignment") is attached hereto as Exhibit "C."

10. However, at the time of transfer on June 30, 2020, Frederick W. Stark, III intended to transfer the additional 10% membership interest to the Frederick W. Stark III Revocable Trust.

11. Frederick W. Stark, III and JILL COAN discovered the error on or about March 9, 2021.

12. On or about March 9, 2021, Frederick W. Stark, III and JILL COAN executed a new Operating Agreement ("2021 Operating Agreement") of Stark Properties, LLC, reflecting the proper ownership of Stark Properties, LLC. A true and correct copy of the 2021 Operating Agreement is attached hereto as Exhibit "D."

13. Article III of the 2021 Operating Agreement properly specified that Frederick W. Stark, III, as Trustee of the Frederick W. Stark III Revocable Trust dated November 19, 2015, owned 60% of the membership interests of Stark Properties, LLC despite the fact that only a 50% interest had been previously assigned or otherwise transferred to the Trust.

14. Frederick W. Stark, III died on June 2, 2022.

15. On or about August 1, 2023, the current members, JILL COAN and Plaintiff, MICHAEL HARING, as Trustee of the FREDERICK W. STARK III REVOCABLE TRUST dated November 19, 2015, executed an Amended and Restated Operating Agreement of Stark Properties, LLC. A true and correct copy of the Amended and Restated Operating Agreement is attached hereto as Exhibit "E."

16. Again, Article III of the Amended and Restated Operating Agreement correctly specifies that Defendant, MICHAEL HARING, as Trustee of the FREDERICK W. STARK III REVOCABLE TRUST dated November 19, 2015, owns 60% of the membership interests of Stark Properties, LLC.

17. Plaintiff has retained the firm of Wotitzky, Wotitzky, Ross & Young, P.A. to represent Plaintiff in this action and has agreed to pay the firm reasonable attorneys' fees. Plaintiff is entitled to attorney's fees pursuant to a Fee Agreement dated June 22, 2023.

18. Jill Coan, as Co-Personal Representative of the Estate, is not a necessary party to this suit because she agrees with the relief being sought herein.

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

A. For a judgment declaring that the Assignment dated June 30, 2020, be reformed to provide that Frederick W. Stark, III conveyed his 60% membership

interest in Stark Properties, LLC to Frederick W. Stark, III, as Trustee of THE FREDERICK W. STARK III REVOCABLE TRUST dated November 19, 2015.

  B. For costs of suit and attorney's fees incurred in this action.

  C. For such other and further relief as the court may deem proper.

Dated: December 14th, 2023.

             /s/ Warren R. Ross
             Warren R. Ross, Esq.
             Florida Bar No. 382086
             Tamsen Hays, Esq.
             Florida Bar No. 44126
             Wotitzky, Wotitzky, Ross & Young, P.A.
             Attorneys for Petitioner
             1107 West Marion Avenue, Unit 111
             Punta Gorda, FL 33950
             (941) 639-2171; Fax (941) 639-8617
             warren.ross@wotitzkylaw.com
             thays@wotitzkylaw.com
             donna@wotitzkylaw.com
             jessica@wotitzkylaw.com

cc: Client

g:\warren\coan & haring\reformation\complaint 11.29.23.docx